ZEHMER, Judge
(dissenting).
I would reverse the appealed judgment because the Department of Transportation’s witness Nixon was not properly qualified to express, over appellant’s timely objections, his expert opinion on the amount of business damages or severance damages resulting from the Department’s taking of a portion of the parcel on which this savings and loan association’s branch office is located. It does not appear in this record that his opinion was based on any generally accepted methodology or that the opinion conforms with the legal test or standard for measuring business damages or severance damages. The opinion elicited by the Department’s lawyer as phrased in the question to this witness likewise did not conform to such legal standards. While admitting that some damage, not specifically identified, might occur, the witness simply opined that it would not be significant. In my view, it was error for the court to permit this testimony over objection. See e.g. Williams v. State Dep’t of Transp., 579 So.2d 226 (Fla. 1st DCA 1991). As this witness provided the only testimony controverting the Association’s evidence of both substantial severance damages and substantial business damages, the jury’s verdict of zero business damages should also be reversed and the cause remanded for a new trial.